Filed 6/7/23 P. v. Corrales CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B324793 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA179619) |
| v. | |
| GEORGE CORRALES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, George Gonzalez Lomeli, Judge. Affirmed.

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran and Kristen J. Inberg, Deputy Attorneys General, for Plaintiff and Respondent.

_____

The resentencing court denied petitioner George Corrales's petition for resentencing pursuant to Penal Code former section 1170.95  renumbered in 2023 as section 1172.6.[1]  Corrales argues the trial court made several errors but does not dispute respondent's argument that, as a matter of law, he is not entitled to resentencing.  We agree with respondent that as a matter of law, Corrales is not entitled to resentencing because he was not convicted based on a felony murder theory, the natural and probable consequences doctrine, or any other theory of imputed malice.  Because Corrales is not eligible for resentencing relief as a matter of law, the errors he alleges could not have prejudiced him.

## BACKGROUND

### 1.    *Amended information*

In an amended information filed March 15, 2000, the People alleged one count of willful, deliberate, premeditated attempted murder.  The People further alleged that Corrales personally used a firearm within the meaning of sections 12022.5, subdivision (a)(1) and 12022.53, subdivision (c).

### 2.    *Jury instructions*

With respect to the attempted murder, the jury was instructed:  "In order to prove attempted murder, each of the following elements must be proved[:]  [¶]  1.  A direct but ineffectual act was done by one person towards killing another human being; and [¶]  2.  The person committing the act

---

[1]  Undesignated statutory citations are to the Penal Code.

harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being."

The court further instructed the jury on the meaning of willful, deliberate, and premeditated murder as follows in pertinent part: "If you find the defendant guilty of attempted murder you must determine whether this allegation is true or not true. [¶] 'Willful' means intentional. 'Deliberate' means formed or arrived at or determined upon as a result of careful thought and weighing of considerations for and against the proposed course of action. 'Premeditated' means considered beforehand. [¶] If you find that the attempted murder was preceded and accompanied by a clear, deliberate intent to kill, which was the result of deliberation and premeditation, so that it must have been formed upon pre-existing reflection and not under a sudden heat of passion or other condition precluding the idea of deliberation, it is attempt to commit willful, deliberate, and premeditated murder."

The court also instructed the jury that if it found defendant guilty of attempted murder, the jury "must determine whether the defendant intentionally and personally discharged a firearm in the commission" of the attempted murder. "The term 'intentionally and personally discharged a firearm,' as used in this instruction, means that the defendant [himself] must have intentionally discharged it."

The court did not instruct the jury on felony murder, the natural and probable consequences doctrine, or any other theory of imputed malice.

### 3. *Jury verdict*

The jury found true the allegation that defendant committed an attempted murder willfully, deliberately, and with

3

premeditation.  The jury also found true that Corrales personally and intentionally discharged a firearm.

### 4.    *2019 petition for resentencing*

On March 26, 2019, Corrales petitioned for resentencing pursuant to former section 1170.95, now section 1172.6.  Without appointing counsel for Corrales and without his presence, the resentencing court denied his resentencing petition.  The court stated:  "Having reviewed the overall court record in this matter, including the Court of Appeal decision affirming the defendant's conviction (B144143), this court rules that the petitioner is not eligible for relief pursuant to Penal Code section 1170.95 as he was the actual killer and/or shooter which caused the death of the underlying victim in the case.  The section [former § 1170.95] specifically provides that no relief shall be extended to any individual who was the actual killer in a given scenario.  [¶]  The record reflects that in 2000, the petitioner was convicted of premeditated murder with the jury also finding true the various alleged firearm allegations associated with the charge in the case. The trial court sentenced the petitioner to a term of 20 years to life in state prison.  The conviction arises as a result of an incident that occurred in 1998 wherein the petitioner personally shot and killed a perceived rival gang member.  [¶]  In his petition filed pursuant to P.C. 1170.95, the petitioner Mr. Corrales, claims that he is entitled to relief for resentencing. However, as reflected by the overall evidence surrounding the incident the petitioner herein was the actual shooter who was responsible for the victim's death.  Thus, as the actual killer Mr. Corrales is not eligible for sentencing relief pursuant to P.C. 1170.95.  See P.C. sections 189(a)(1) and 1170.95(a)(3).  The section fails to provide relief under circumstances where an

4

individual was the actual killer in a given scenario." The court also found section 1170.95 unconstitutional, a claim that appellate courts have since rejected. (*People v. Cruz* (2020) 46 Cal.App.5th 740, 747.)

As Corrales points out, the resentencing court incorrectly stated that he was convicted of premeditated murder when instead he was convicted of premeditated attempted murder.

### 5.    *2022 resentencing petition*

Corrales filed a second petition for resentencing pursuant to section 1172.6 in 2022. The resentencing court held a hearing at which Corrales was represented by counsel but did not personally attend. The resentencing court indicated it was "standing by" its prior order. The court referred to Corrales as the "actual killer and/or shooter who caused the death of the underlying victim in the case." The court also incorrectly referred to Corrales as having been convicted of premeditated murder when Corrales was convicted of premeditated attempted murder.

### DISCUSSION

On appeal, Corrales argues: (1) the resentencing judge "mistakenly believes appellant was the actual killer convicted of premeditated murder" and the error shows the judge did not carefully review the record or was "confused" or "mixed up the facts of two separate cases, or something else"; (2) the resentencing court erred in "standing by" its prior opinion and failing to reconsider the constitutionality of section 1172.6; and (3) the resentencing court erred in relying on facts in the appellate opinion considering Corrales's direct appeal from the judgment of conviction. With respect to prejudice Corrales argues: "The error in considering the facts from the prior opinion

is not harmless. As the State relied on the facts in the opinion and the trial court did as well, the harm to appellant is clear."

Respondent argues, among other things, that the resentencing court properly denied the petition because, as a matter of law, Corrales is ineligible for relief. Corrales offers no retort having not filed a reply brief, and we agree with respondent.

## A. In 2019, the Legislature Changed the Law With Respect to Murder and Allowed Eligible Persons To Petition for Resentencing

"Senate Bill 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § l, subd. (f).)" (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)

"To further that purpose, Senate Bill 1437 added three separate provisions to the Penal Code. First, to amend the felony-murder rule, Senate Bill 1437 added section 189, subdivision (e): 'A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as

6

described in subdivision (d) of Section 190.2.' " (*Gentile, supra,* 10 Cal.5th at p. 842.)

"Second, to amend the natural and probable consequences doctrine, Senate Bill 1437 added section 188, subdivision (a)(3) (section 188(a)(3)): 'Except [for felony-murder liability] as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime.' " (*Gentile, supra,* 10 Cal.5th at pp. 842–843.)

"Third, Senate Bill 1437 added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief under the two ameliorative provisions above." (*Gentile, supra,* 10 Cal.5th at p. 843.) The Legislature subsequently amended section 1170.95 to include attempted murder and manslaughter and then renumbered it as section 1172.6. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3.)

"Under newly enacted section 1172.6, the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437 [citation]." (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)

"When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition

7

and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. [Citations.] If, instead, the defendant has made a prima facie showing of entitlement to relief, 'the court shall issue an order to show cause.' [Citation.]" (*Strong*, *supra*, 13 Cal.5th at p. 708.)

## B.     Corrales Is Not Eligible for Resentencing Relief

Here the record in the case establishes conclusively that Corrales is ineligible for relief. The jury was not instructed on felony murder, the natural and probable consequences doctrine, or any other theory of imputed malice. The amendments to sections 188 and 189 do not apply to Corrales. Therefore, as a matter of law, Corrales cannot show that he " 'could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437 (§ 1172.6, subd. (a)(3))." (*Strong*, *supra*, 13 Cal.5th at p. 708.)

Even if we assume the resentencing court committed all the errors Corrales identifies, there is no basis to reverse the court's order. None of the errors Corrales identifies prejudiced him. (See *People v. Lewis* (2021) 11 Cal.5th 952, 973 [applying *People v. Watson* (1956) 46 Cal.2d 818, 836 standard of prejudice to denial of counsel to represent petitioner in section 1170.95 proceeding].) Corrales's terse statement that the "harm to appellant is clear" does not demonstrate that it is reasonably probable absent any error he would have obtained a more favorable result. Corrales could not have obtained a more favorable result on his section 1172.6 petition because the jury was not instructed on felony murder, the natural and probable consequences doctrine, or any other theory of imputed malice. As a matter of law, Corrales is thus ineligible for resentencing under

section 1172.6, and cannot show prejudice from purported error by the trial court.  (§ 1172.6, subd. (a) ["A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court" to have the conviction vacated].)

## DISPOSITION

The order denying George Corrales's petition for resentencing is affirmed.

NOT TO BE PUBLISHED.


BENDIX, Acting P. J.


We concur:



CHANEY, J.



WEINGART, J.

9